[Crim. No. 2035. Second Appellate District, Division One.—February 9, 1931.]

THE PEOPLE, Respondent v. MADELINE H. MOORE, Appellant.

Moses C. Davis for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—As presented to the court by appellant, the appeal herein is based solely upon the contention that the district attorney, in the trial of the case, was guilty of misconduct prejudicial to the defendant. The conduct of which appellant complains had relation to an attempt made by the district attorney to ascertain whether or not the defendant would permit the prosecution to call the defendant's husband and obtain his testimony as a witness for the

People. ''Neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties, except with the consent of both. . . . ''  (Pen. Code, sec. 1322.)

The victim of the alleged assault was one Dr. Cooley. The defendant having become a witness in her own behalf admitted that both she and her husband were present at the time and place when the shots were fired by which Dr. Cooley was wounded, but denied that the shooting was done by her.  On cross-examination the district attorney asked her whether she would waive the privilege of forbidding her husband to testify in this case, and permit him to testify as a witness if called as a witness for the People.  Counsel for defendant objected to the question, but that objection was overruled, whereupon the question was repeated in these terms: ''Go ahead, Mrs. Moore, and tell the jury and the court whether or not you object to your husband testifying in this case as a witness for the People?''  Her answer was: ''I will do as my attorney says.''

On rebuttal, after the defense had closed, the district attorney called defendant's husband as a witness and asked him if he was willing to testify as a witness for the People if his wife would give her consent for him so to testify. The witness replied in the affirmative.  Thereupon counsel for the defendant objected to testimony from this witness, and declined to waive the statutory privilege.  Thereupon the court instructed the jury that said witness was not a competent witness and instructed the jury to disregard ''the entire testimony of this witness, even his being sworn as a witness''.  An assignment of misconduct was then made, upon the ground that the district attorney in bringing this witness before the court in the manner described had done this for the purpose prejudicing the minds of the jury.

We are of the opinion that it was unfair to the defendant for the district attorney, as a part of the cross-examination of the defendant, to interject the questions to which we have referred and call upon the witness to ''tell the jury and the court'' whether she would object if her husband was called as a witness.  An answer to such inquiry could easily have been obtained from the defendant or her attorney, in a far less conspicuous manner.  The de-

fendant should not have been required to "tell the jury" about her objection to the examination of her husband as a witness against her. But there is nothing in the statutes which requires that such inquiries, preliminary to the calling of a witness, shall be secret or not in the presence of the jury. The ordinary method would be to offer the husband as a witness by requesting that he be sworn and by asking questions. If no objection was made on the part of the defendant, she would have been presumed to have consented. (*People* v. *Singh,* 182 Cal. 457, 483 [188 Pac. 987].) But if she did object, the fact of her unwillingness would be manifest to the jury, with whatever incidental effect her refusal to give consent might have upon them. Giving to the matters complained of the most liberal interpretation in favor of the defendant, they fall short of constituting that serious and prejudicial misconduct which in this case will justify a reversal of the judgment.

The judgment is affirmed. The order denying motion for a new trial is affirmed.

Houser, J., and York, J., concurred.